UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LAKE MICHIGAN CREDIT UNION,

    Plaintiff,                                Hon. Janet T. Neff

v.                                                      Case No. 1:16-cv-1443

MATTHEW DAVID GLEASON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Corrected Motion for Judgment on the Pleadings. (ECF No. 12). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **granted** and this action **terminated**.

## ANALYSIS

In 2015, Lake Michigan Credit Union initiated a civil action in state court against Defendant Matthew Gleason. (ECF No. 1). The precise nature of this lawsuit is not clear, but on November 17, 2015, judgment was entered against Defendant Gleason and in favor of Plaintiff Lake Michigan Credit Union. (ECF No. 12-4 at PageID.96). More than one year later, on December 19, 2016, Plaintiff purported to remove this state court action to this Court for the purpose of asserting a counterclaim against Lake Michigan Credit Union.

Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction. A significant limitation upon the jurisdiction of the federal district courts is that such courts are precluded from reviewing judgments of the state courts. As the Supreme Court has long

recognized, the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *see also*, *Durham v. Haslam*, 2013 WL 2665786 at *3 (6th Cir., June 13, 2013) ("federal appellate jurisdiction over a state court decision lies exclusively with the Supreme Court, and not lower federal courts"). Defendant Gleason seeks to invoke the authority of this Court to hear claims in a state court matter that has already been litigated to conclusion. This Court lacks subject matter jurisdiction to hear or resolve such claims.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Corrected Motion for Judgment on the Pleadings, (ECF No. 12), be **granted** and this action **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 22, 2017  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge